IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| PATRICIA A. CRAWFORD | ) | |
| | ) | Case No.: 3:17-1002-TLW-PJG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | **(Jury Trial Requested)** |
| ALLSERV, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Patricia A. Crawford ("Plaintiff" or "Mrs. Crawford") complaining of the Defendant Allserv, Inc. ("Defendant" or "Allserv") alleges and shows as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Mrs. Crawford is a resident and citizen of Lexington County, State of South Carolina.

2. Allserv is a business organized and existing under the laws of the State of South Carolina and at all times relevant herein was doing and continues to do business in the County of Lexington, State of South Carolina.

3. Jurisdiction is proper in this Court by reason of federal question jurisdiction because the causes of action arise under the Constitution, laws, or treaties of the United States of America. Specifically, Mrs. Crawford includes claims arising under and are based, in part, on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., the Americans with Disability Act of 1990, as amended, and the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA").

4.	This Court has jurisdiction over the non-federal claims herein pursuant to 28 U.S.C. § § 1367(a) and 1441(c), which provides the Court with supplemental jurisdiction over otherwise non-removable causes of actions that are so related to the federal claims and form part of the same case or controversy.

5.	Venue is proper in this District as the causes of action arose in Lexington County, State of South Carolina.

## FACTS

6.	Mrs. Crawford began working for Allserv in 2014.

7.	Allserv provides lawn and garden services to area businesses in Lexington and Richland Counties, South Carolina.

8.	Mrs. Crawford performed payroll and accounts payable services for Allserv.

9.	Allserv offered Mrs. Crawford a flexible work schedule to allow for her doctor and therapist appointments and engagements with her children.

10.	Mrs. Crawford has been diagnosed and treated for post-traumatic stress syndrome ("PTSD") for over two decades and she did not want a full time, forty hour a week job as it would aggravate her PTSD. This was explained to Allserv prior to Mrs. Crawford accepting the position.

11.	When Allserv offered her a part-time flexible work schedule at a location only five minutes from her home, Mrs. Crawford agreed to work there. However, two weeks into her job she was working over forty hours per week.

12.	Mrs. Crawford also began to repeatedly witness her supervisor and Vice President of Allserv, Tanya Calvin, screaming at employees and throwing items in the office, including office supplies and a phone.

13. On one occasion Ms. Calvin yelled numerous expletives directly at Mrs. Crawford and proceeded to throw a phone in the office.

14. This behavior caused Mrs. Crawford to feel threatened, anxiety ridden, and in danger of her safety.

15. Ms. Calvin also repeatedly requested that Mrs. Crawford rub her breasts for good luck in the procurement of new business. This occurred over a period of seventeen months and no less than six times.

16. Mrs. Crawford felt she had no choice but to acquiesce in this behavior for fear of losing her job.

17. Ms. Calvin also falsely reported to other employees that Mrs. Crawford was having a sexual affair with another co-worker.

18. Ms. Calvin also made many unwelcomed sexual comments concerning other coworkers to Mrs. Crawford.

19. Ms. Calvin also called Mrs. Crawford a f***ing idiot.

20. Mrs. Crawford suffered through this behavior for over two years.

21. Mrs. Crawford was also required to work after hours and weekends.

22. Further, all male employees in the office received bonuses and raises but Mrs. Crawford was never offered a bonus or a raise.

23. Ms. Calvin repeatedly informed Mrs. Crawford that "this is a man's industry and always has been" and on several occasions stated that because Mrs. Crawford was not a man, she would not receive the same perks as the salaried male employees. These perks included a gift card at Thanksgiving and Christmas that was provided to all male employees but not provided to Mrs. Crawford.

24. Mrs. Crawford also requested that a supervisor speak to another male employee about his inappropriate language and behavior in the office but Ms. Calvin refused and said that the company could not afford to lose this employee.

25. Mrs. Crawford believes she was subjected to this behavior because she was a female.

26. No other male employees suffered the same treatment as Mrs. Crawford.

27. Mrs. Crawford reported Ms. Calvin's behavior to her supervisors on numerous occasions but no changes or accommodations were made for Mrs. Crawford.

28. Mrs. Crawford began standing up for herself and questioned Allserv's business ethics, including the use of gift cards, travel reimbursement for spouses, unfair pay practices, and discrimination in the workplace.

29. These concerns were never addressed and Mrs. Crawford was told to just keep doing what she was told.

30. Ms. Crawford was also subjected to derogatory remarks regarding her disability, such as "I know you will just freak out" and "that's what your Xanax is for," etc.

31. Mrs. Crawford continue to remind her employer of her PTSD and requested proper accommodations such as the flexible work schedule she was promised and to be in a work environment free from harassment and discrimination.

32. On Sunday, April 17, 2016, Mrs. Crawford sent a phone text to her supervisor and business consultant, Kris Mitchell, regarding many of the above on-going issues.

33. In a response text message from Mr. Mitchell, he instructed Mrs. Crawford to take Monday, April 18th off, to reflect on her working situation and see if she could continue to work there.

34. Mrs. Crawford informed Ms. Calvin that Sunday night, April 17th, that she would be taking Monday off and needed a day to herself.

35. On Monday morning, April 18, 2016, Mrs. Crawford did not have access to her work email. She reached out to Ms. Calvin and Mr. Mitchell for an explanation.

36. Ms. Calvin finally responded that it was her impression that Mrs. Crawford resigned from her job on Thursday, April 14, 2016.

37. Mrs. Crawford made no such representation and in fact worked on the proceeding Friday, Saturday, and Sunday and informed Ms. Calvin on Sunday night that she would be taking Monday off for a personal day.

38. At no time in these conversations did Mr. Mitchell or Ms. Calvin inform Mrs. Crawford that they believed her to have resigned her position days earlier.

39. Allserv refused to allow Mrs. Crawford to continue working.

40. During her employment with Allserv, Mrs. Crawford performed non-exempt clerical duties for Allserv.

41. Mrs. Crawford did not supervise any other employees and was instead always under the supervision of another employee.

42. Mrs. Crawford was never in charge of managing Allserv's business.

43. At all times relevant hereto, Mrs. Crawford was a non-exempt employee for purposes of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA").

44. Allserv failed to pay Mrs. Crawford one and one-half her regular rate of pay ("time and a half" or "overtime") for each hour worked over forty hours in a given week.

45. On May 25, 2016, Ms. Crawford filed her charge of discrimination with the South Carolina Human Affairs Commission and has exhausted all her administrative remedies.

## FIRST CAUSE OF ACTION
### (Sexual Discrimination)
### (Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*)

46. Plaintiff incorporates the above allegations by reference.

47. During the course of Mrs. Crawford's employment with Allserv, Allserv, by and through its agents and employees, discriminated against Mrs. Crawford in the terms, conditions, and privileges of employment in various ways, in substantial part because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

48. Defendant discriminated against Mrs. Crawford in the following particulars, to wit: providing benefits to all male employees but not to Mrs. Crawford; subjecting to her to inappropriate behavior; and failing to provided her with reasonable accommodations due to her sex.

49. The above-described unwelcome sex discrimination also created an intimidating, oppressive, hostile and offensive work environment which interfered with Mrs. Crawford's emotional well-being.

50. Defendant failed to take all reasonable and necessary steps to eliminate discrimination based upon sex from the workplace and to prevent it from occurring in the future.

51. As a direct and proximate result of Defendant's violation of Title VII of the Civil Rights Act of 1964 as described, Mrs. Crawford has suffered lost wages, physical and emotional distress and other damages.

## SECOND CAUSE OF ACTION
### (Sexual Harassment – Hostile Work Environment)
### (Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*)

52. Plaintiff incorporates the above allegations by reference.

53. By and through its agents and employees, specifically, Ms. Calvin, Allserv engaged in the above referenced discriminatory and harassing conduct towards Mrs. Crawford.

54. Such conduct towards Mrs. Crawford was so severe, pervasive, and unrelenting that it has affected her emotionally, interfered with her work, and prevented her from enjoying daily activities.

55. Allserv's conduct has left Mrs. Crawford fearful to be in the same room as Ms. Calvin on certain occasions.

56. Allserv's conduct towards Mrs. Crawford was so severe and frequent that it became physically threatening.

57. Allserv's conduct humiliated Mrs. Crawford and caused mental anguish and stress.

58. Allserv's conduct towards Mrs. Crawford created a hostile work environment and is such that would make any reasonable woman believe that the working environment is hostile.

59. The severe and continual conduct as alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, ("Civil Rights Act") as Allserv has, among other things, discriminated against Mrs. Crawford and harassed her based on sex by creating and maintaining a hostile work environment.

60. Mrs. Crawford suffered damages as a direct and proximate result of Allserv's violation of Title VII of the Civil Rights Act and requests relief as set forth below.

### THIRD CAUSE OF ACTION
**(Negligence)**

61. Plaintiff incorporates the above allegations by reference.

62. Allserv owed a duty of care to Mrs. Crawaford to see that she was able to work in a safe and non-hostile environment, free from harassment, injury and sex discrimination.

63. Upon information and belief, Allserv was aware of Ms. Calvin's discriminatory and hostile behavior toward female employees.

64. Allserv breached that duty by allowed Ms. Calvin to continue to be employed with Allserv when Allserv was on notice of her behavior towards female employees and by requiring Mrs. Crawford to continue to work with Ms. Calvin.

65. Mrs. Crawford suffered damages as a direct and proximate result of Allserv's negligence.

## FOURTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)

66. Plaintiff incorporates the above allegations by reference.

67. As Mrs. Crawford's employer, Allserv owed her a fiduciary duty to see that she could work in a safe and non-hostile work environment, free from sex discrimination and harassment.

68. Upon information and belief, Allserv was aware of Ms. Calvin's discriminatory and hostile behavior toward Ms. Crawford.

69. Allserv breached its fiduciary duty to Mrs. Crawford by allowing Ms. Calvin to continue to be employed with Allserv while on notice of the above mentioned behavior of Ms. Calvin.

70. Mrs. Crawford has suffered damages as a direct and proximate result of Allserv's breach of fiduciary duty.

## FIFTH CAUSE OF ACTION
### (Negligent Retention)

71. Plaintiff incorporates the above allegations by reference.

72. Upon information and belief, Allserv has known of Ms. Calvin's discriminatory and hostile behavior towards employees.

73. Despite being on notice of Ms. Calvin's above mentioned behavior, Allserv continued to employ her.

74. Mrs. Crawford specifically put Allserv on notice of the mental, emotional, and pecuniary injury caused to her yet Allserv continued to employ Ms. Calvin and required Mrs. Crawford to work with her.

75. Mrs. Crawford has suffered damages as a direct and proximate result of Allserv's negligent retention of Ms. Calvin.

## SIXTH CAUSE OF ACTION
### (Outrage)

76. Plaintiff incorporates the above allegations by reference.

77. Allserv has continuously engaged in the discriminatory and hostile conduct towards Mrs. Crawford.

78. Allserv intentionally and/or recklessly inflicted severe and emotional distress or were certain or substantially certain that such distress would result from the above referenced conduct.

79. The above mentioned conduct was extreme, outrageous, and exceeds the bounds of decency.

80. The above mentioned conduct is atrocious and utterly intolerable in a civilized community.

81. Mrs. Crawford suffered emotional distress and pecuniary losses as a result of Allserv's conduct that was so severe that no reasonable woman could be expected to endure it.

## SEVENTH CAUSE OF ACTION
(**Negligent Supervision**)

82. Plaintiff incorporates the above allegations by reference.

83. At all times relevant herein, Ms. Calvin was acting while on the premises of Allserv.

84. Allserv knows or should have known of the necessity and opportunity for exercising control of Ms. Calvin, yet failed to supervise her actions towards Ms. Crawford.

85. Allserv has a duty to supervise Ms. Calvin.

86. Allserv breached its duty to supervise Ms. Calvin by allowing her to continuously engage in a discriminatory and hostile manner towards Mrs. Crawford.

87. Ms. Calvin does not demonstrate this behavior to male employees.

88. Ms. Calvin continuously engaged in this discriminating, harassing and hostile conduct towards Mrs. Crawford.

89. Mrs. Crawford suffered damages as a direct and proximate result of Allserv's negligent supervision.

## EIGHTH CAUSE OF ACTION
(**Wrongful Discharge in Violation of Public Policy**)

90. Plaintiff incorporates the above allegations by reference.

91. Allserv terminated Mrs. Crawford after she began complaining of sexual discrimination, harassment, and the business practices of Allserv.

92. Mrs. Crawford always performed her job satisfactory and without demerits.

93. Allserv therefore terminated Mrs. Crawford based upon her opposition to employment practices declared unlawful by the South Carolina Human Affairs Law, as amended, Title VII, and the ADA, in violation of public policy.

94. Mrs. Crawford suffered damages as a direct and proximate result of Allserv's wrongful discharge in violation of public policy.

### NINTH CAUSE OF ACTION
### (Failure to Accommodate)
### (Americans with Disability Act, 42 U.S.C. § 12101 *et seq.*)

95. Plaintiff incporates the above allegations by reference.

96. Allserv is an employer covered within the ADA.

97. Mrs. Crawford is a qualified individual with a disability under the ADA in that she suffers from PTSD.

98. Allserv was aware of Mrs. Crawford's disability upon her hiring.

99. Ms. Calvin's behavior stated above severely aggravated Mrs. Crawford's PTSD.

100. Mrs. Crawford requested Allserv to make reasonable accommodations for her PTSD when she requested Ms. Calvin's discriminatory, harassing, and threatening behavior be rectified and asked for her working hours to be reduced.

101. Allserv refused to make any accommodations for Mrs. Crawford and instead terminated her employment.

102. Allserv's refusal to accommodate Mrs. Crawford and its termination of Mrs. Crawford is therefore in direct violation of the ADA.

103. Mrs. Crawford suffered damages as a direct and proximate result of Allserv's violation of the ADA.

### TENTH CAUSE OF ACTION
### (Fair Labor Standards Act – Failure to Pay Overtime Wages)

104. Plaintiff incorporates the above allegations by reference.

105. Mrs. Crawford was an employee of Allserv for purposes of the FLSA during all times relevant hereto.

106. Allserv failed to pay Mrs. Crawford at a rate of one and one-half her regular rate of pay for all hours worked in excess of forty (40) hours per week, as required by Section 7(a) of the FLSA, 29 U.S.C. § 207 (a).

107. Mrs. Crawford is entitled to back wages at the rate of one and one-half time her regular rate of pay for all overtime hours worked in excess of forty (40) hours, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

108. Allserv's failure to compensate Mrs. Crawford for overtime work as required by the FLSA was knowing, willful, intentional, and done in bad faith.

109. Pursuant to Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, Allserv is required to maintain and preserve any and all payroll and employment records in the possession, custody and/or control of Allswerv from which the amount of Allserv's liability can be ascertained.

110. As a result of Allserv's violation of the FLSA, as set forth above, Mrs. Crawford requests the relief as set forth below.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

1. Compensatory damages against Defendant for Plaintiff's unpaid wages, lost wages, past and future and/or impairment of power to earn money; physical pain, emotional distress and humiliation, past and future, past and future medical expenses, and other non-pecuniary losses;

2. Exemplary and punitive damages in an amount commensurate with the Defendant's ability and so as to deter future malicious, reckless and/or intentional conduct;

3. Leave to add additional Plaintiffs by motion, filed written consents, or other method approved by the Court;

4. An Order requiring Defendant to produce to Plaintiff's Counsel any and all payroll and employment records pertaining to this lawsuit for the Plaintiff.

5. Injunctive relief to require Defendant to maintain and preserve any and all payroll and employment records pertaining this lawsuit and to the Plaintiff as required by the FLSA

6. Awarding Plaintiff her costs and disbursements incurred in connection with this action, including reasonable attorney fees, expert witness fees, and other costs;

7. Pre-judgment and post-judgment interest, as provided by law; and

8. For such other and further relief as the Court deems just and proper.

**Respectfully submitted,**

GOLDFINCH WINSLOW, LLC


s/ Jessica S. Benson
Thomas W. Winslow (Fed. ID No. 09740)
Jessica S. Benson (Fed. ID No. 10007)
11943 Grandhaven Dr., Suite A-2
P.O. Box 829
Murrells Inlet, S.C. 29576
Telephone:     (843) 357-9301
Thomas@goldfinchwinslow.com
Jessica@goldfinchwinslow.com

April 18, 2017
Murrells Inlet, South Carolina                    Attorneys for Plaintiff